UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JEFF GIERINGER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:08-CV-267 |
| | ) | | (VARLAN/GUYTON) |
| THE CINCINNATI INSURANCE COMPANIES, | ) ) | | |
| | ) | | |
| Defendant. | ) | | |

# **MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiff Jeff Gieringer's ("Plaintiff") Motion for Joinder of Additional Defendant and Remand to the Sevier County Circuit Court. [Doc. 5.] In this motion, Plaintiff seeks to add Danny J. Glascow as an additional defendant, thereby destroying complete diversity in this action.[1] Thus, Plaintiff asks the Court to remand this action to State court. Defendant, The Cincinnati Insurance Companies, ("Defendant") has filed a response opposing the motion. [Docs. 6, 7.] The motion is now ripe for the Court's consideration.

The Court has carefully considered the parties' filings [Docs. 5, 6, 7] in light of the relevant law. For the reasons set forth herein, Plaintiff's motion [Doc. 5] will be **DENIED.**

---

[1] In the motion to amend [Doc. 5], Plaintiff seeks to add "Danny J. Glasgow" while the proposed amended complaint names "Danny J. Glascow" as a defendant. [Doc. 5-2.] The Court assumes Plaintiff refers to the same individual in his filings, and the Court will hereinafter refer to this individual as "Mr. Glascow."

**I.  RELEVANT FACTS**

According to Plaintiff's complaint, Defendant issued him a homeowner's insurance policy for a residence located in Lexington, Kentucky. [Doc. 1-2 at 2.] On January 18, 2008, Plaintiff moved all of his personal property to a new residence located in Gatlinburg, Tennessee. [*Id.*] On January 24, 2008, Plaintiff's personal property was allegedly destroyed by a fire at his new residence in Gatlinburg, Tennessee. [*Id.*] After making a claim for the loss of his personal property, Defendant denied Plaintiff's claim except for a payment offer of $1000. [*Id.* at 3.] Plaintiff then filed this lawsuit against Defendant on June 16, 2008, in the Circuit Court of Sevier County seeking damages for the loss of his personal property and for a violation of the Tennessee Consumer Protection Act. [*Id.* at 2.]

On July 10, 2008, Defendant filed notice of removal to the Court on the basis of diversity jurisdiction. [Doc. 1.] According to Plaintiff's complaint, he is a resident of Tennessee, while Defendant maintains that it is a resident of Ohio. [Docs. 1; 1-2 at 2.] On July 16, 2008, Plaintiff filed the present motion for joinder of additional defendant and remand to the Sevier County Circuit Court. [Doc. 5.] In the proposed amended complaint, Plaintiff seeks to add Mr. Glascow, a resident of Tennessee, as a defendant in this action. [Doc. 5-2 at 1.] In the proposed alleged complaint, Plaintiff makes the following allegations against Mr. Glascow:

> 7.  That at the time the homeowner's claim for the loss of the personal property was made to defendant, The Cincinnati Insurance Company, defendant, Danny J. Glascow was an employee, servant and/or agent of The Cincinnati Insurance Company and was assigned the plaintiffs' claim for

2

handling, administration and investigation within the course and scope of his employment with The Cincinnati Insurance Company.

8. That defendant, Danny J. Glascow was negligent in his handling, administration and investigation of the plaintiffs' personal property claim in that he failed or otherwise refused to comply with policies and procedures for the handling, administration and investigation published, adopted and implemented by The Cincinnati Insurance Company and that the negligence of defendant, Danny J. Glascow was a proximate cause of damages suffered by the pla[intiffs all for which the defendant, Danny J. Glascow is liable as a matter of law.

9. The defendant, Danny J. Glascow was negligent in his handling, administration and investigation of plaintiffs' personal property claim in that he failed or otherwise refused to comply with the customs, standards and practices recognized, accepted and implemented by insurance industry in the state of Tennessee in regard to the defendant's handling, administration and investigation and that the negligence of defendant, Danny J. Glascow was a proximate cause of damages suffered by the plaintiffs all for which the defendant, Danny J. Glascow is liable as a matter of law.

10. That defendant, Danny J. Glascow's negligence in his handling, administration and investigation of the plaintiffs' persona property claim was a direct and proximate cause of defendant, The Cincinnati Insurance Company's breach of contract as set forth in paragraph 7 of this Complaint all for which the defendants are liable as a matter of law.

[Doc. 5-2 at 2-3.] Should the Court grant the request to include Mr. Glascow as a defendant in this action, Plaintiff contends that diversity jurisdiction will be destroyed, and this action should be remanded to State court.

## II. ANALYSIS

As an initial matter, the Court notes that the parties do not dispute that complete diversity existed at the time of removal. Rather, Plaintiff is attempting to join, post-removal, a non-diverse defendant to this action. Title 28 U.S.C. § 1447(e) provides that "[i]f after

3

Case 3:08-cv-00267-HSM-HBG   Document 8   Filed 09/05/08   Page 3 of 7   PageID #: 87

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, courts are given discretion to determine whether to grant motions to amend after removal that destroy diversity jurisdiction. *See City of Cleveland v. Deutsche Bank Trust Co.*, No. 1:08cv0139, 2008 WL 3822939, at *13 (N.D. Ohio Aug. 8, 2008). In making such determinations, courts should consider whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to state court will prejudice the defendant. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citation omitted). Additionally, courts "must take into account the original defendant's interest in its choice of forum." *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *Deutsche Bank Trust Co.*, 2008 WL 3822939, at *12 (citations omitted).

After reviewing the record, the Court finds strong indications that Plaintiff's purpose in seeking amendment is solely to destroy diversity jurisdiction. In his motion, Plaintiff offers no explanation as to why Mr. Glascow was omitted from the original complaint filed in State Court. [*See* Doc. 5.] The proposed amended complaint alleges that Mr. Glascow handled, administered, and investigated Plaintiff's personal property claim at the time the claim was made, so Plaintiff was aware of Mr. Glascow's alleged involvement at the time this action was originally filed in State court. [Doc. 5-2 at 2.] In *Wells*, the district court was

4

faced with similar circumstances when the plaintiff "asserted no reason why [the non-diverse defendant] was not named as a defendant in the original action," was aware of the non-diverse defendant before the filing of the original complaint, and chose to add him as a defendant "only *after* defendant removed the case to federal court." *Id.* As in *Wells*, the Court finds that these circumstances strongly indicate that Plaintiff's "sole reason for seeking to add [non-diverse party] as a defendant, at this time, is to defeat jurisdiction." *Id.* The timing of Plaintiff's request also raises questions about the purpose for seeking amendment. *See Deutsche Bank Trust Co.*, 2008 WL 3822939, at *13 ("That the [plaintiff] did not delay, and brought its motion to amend soon after the complaint was filed, does nothing to disguise its true motivations for seeking to add [a non-diverse party] as a defendant."). Because Plaintiff has not offered an explanation regarding the need to add Mr. Glascow as a defendant, "the Court can only assume that [Plaintiff] seeks to amend to destroy diversity." *Johnson v. Pharmacia & Upjohn Co.*, No. 4:99-cv-96, 1999 WL 1005653, at *1 (W.D. Mich. Oct. 12, 1999).

The Court also finds that Plaintiff will not be significantly disadvantaged if the joinder of Mr. Glascow is not allowed. In the context of Fed. R. Civ. P. 19, dropping a non-diverse party was deemed proper when the plaintiff could obtain judgment against the other defendants for the negligent acts of the non-diverse party. *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 766 (6th Cir. 1999) (citing *Nash v. Hall*, 436 F. Supp. 633, 635 (W.D. Okla. 1977)); *see also Soberay Mach. & Equip. Co.*, 181 F.3d at 766 (discussing how dismissal of a non-diverse party to maintain diversity jurisdiction is proper when

5

"complete relief as between the remaining parties would be available") (citing *City of Harrisburg v. Int'l Surplus Lines Ins. Co.*, 596 F. Supp. 954, 956-57 (M.D. Pa. 1984)).  In *Wells*, the district court found no prejudice against the plaintiff when the defendant acknowledged that a plaintiff could obtain complete relief from the defendant for the allegedly unlawful acts by a non-diverse employee arising out of his employment.  *Wells*, 950 F. Supp. at 201.  Similarly in the present case, Plaintiff claims in his proposed amended complaint that Defendant is "vicariously liable for the negligence of . . . Danny J. Glascow based upon respondeat superior." [Doc. 5-2 at 3.]  Plaintiff also alleges that the negligent acts of Mr. Glascow were "within the course and scope of his employment" with Defendant. [*Id.* at 2.]  In their response brief, Defendant acknowledges that in light of the doctrine of respondeat superior, "there is no concern Plaintiff could not recover fully from [Defendant] under Tennessee law if he was successful on the merits." [Doc. 7 at 6.]  These circumstances suggest that Plaintiff would not be significantly disadvantaged if the joinder motion was denied since full relief for the alleged actions of Mr. Glascow may be sought from Defendant.  The Court further finds that Defendant would be prejudiced to the extent that its interest in choice of forum would be detrimentally affected should Plaintiff's motion be granted, particularly after considering the circumstances previously discussed.

In light of the above, the Court finds that denial of joinder would be fair and equitable given the circumstances in this case.  Thus, the Court will exercise its discretion under 28 U.S.C. § 1447(e) and deny Plaintiff's Motion for Joinder of Additional Defendant and Remand to the Sevier County Circuit Court. [Doc. 5.]

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Joinder of Additional Defendant and Remand to the Sevier County Circuit Court [Doc. 5] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

7