UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| JEFF GIERINGER, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>THE CINCINNATI INSURANCE )<br>COMPANIES, )<br>)<br>    *Defendant*. ) | Case No. 3:08-cv-267<br>Judge Mattice |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant The Cincinnati Insurance Companies' Motion to Certify Order to the Sixth Circuit Court of Appeals Pursuant to 28 U.S.C. § 1292(B) [Court Doc. 32] and Plaintiff Jeff Gieringer's Response [Court Doc. 34]. Defendant seeks to appeal the Court's Memorandum and Order [Court Doc. 31] denying Defendant's Motion for Summary Judgment [Court Doc. 15]. Plaintiff opposes Defendant's Motion and asserts that interlocutory appeal is not appropriate in this case because Defendant fails to satisfy the requirements for certification and because this issue does not present exceptional circumstances which would warrant immediate appeal.

For the reasons set forth below, Defendant's Motion to Certify Order to the Sixth Circuit Court of Appeals Pursuant to 28 U.S.C. § 1292(B) [Court Doc. 32] will be **DENIED**.

## I.    **FACTS AND PROCEDURAL HISTORY**

Defendant issued a homeowner's insurance policy to Plaintiff on September 8, 2006. (Court Doc. 1-1, Compl. ¶ 3.) This policy, No. HO10341086, covered the period of September 8, 2006 through September 8, 2007. (*Id.* ¶ 3.) The policy was later renewed for a policy period of September 8, 2007 to September 8, 2008, and Defendant issued

another complete set of policy documents with this renewal. (Court Doc. 16-4, Renewal Policy.) At the time that these policies were issued, Plaintiff lived at 4769 Pleasant Grove Road in Lexington, Kentucky. (Compl. ¶ 4.) Both policies list Plaintiff's address and the policy "residence premises" as 4769 Pleasant Grove Road in Lexington, Kentucky, and both policies indicate that "[u]nless otherwise stated, the residence premises covered by this policy is located at the above address." (Renewal Policy at 1; Court Doc. 1-1, Original Policy at 6.[1])

On March 21, 2007, Plaintiff and his wife purchased another home located at 950 Campbell Leed Road in Gatlinburg, Tennessee. (Court Doc. 23, Gieringer Aff. ¶ 2.) Plaintiff continued to live in Kentucky while he started a new business in Tennessee, but he moved approximately 5% of his personal belongings to the property in Tennessee in March or April of 2007. (*Id.* ¶¶ 2, 4.) On January 18, 2008, Plaintiff and his family completely moved all of their personal property to the residence in Gatlinburg with the intent to make that home their primary residence. (*Id.* ¶¶ 4-6.) On January 24, 2008, the Gatlinburg property, along with all of Plaintiff's personal property, was destroyed in a fire. (*Id.* ¶ 7.) Plaintiff filed a claim with Defendant shortly after the fire to recover for the personal property loss, but Defendant denied the majority of Plaintiff's claim, paying only $1,000 under the policy. (Compl. ¶¶ 5-6.) Defendant's refusal to pay the full amount of personal property coverage was based on a provision in the renewal policy which states that "[c]overage for personal property usually situated at an 'insured's' residence, other than the 'residence premises,' is $1,000." (Renewal Policy at 13.) Because Plaintiff's

---

[1] Citation to the page numbers for both insurance policies will coincide with the page numbers of the overall Court Document, not the page numbers of the insurance policy.

personal property at the time of the loss was located at the Tennessee property, and not the Kentucky "residence premises," Defendant denied the remainder of Plaintiff's claim.

Defendant filed its Motion for Summary Judgment on May 4, 2009. (Court Doc. 15.) The primary issue raised in the briefs on this Motion was whether the original policy terms or the renewal policy terms applied. If the renewal policy terms applied, the terms were clear that Plaintiff could only collect $1,000 under the policy; however, if the original policy terms applied, there could be multiple alternative interpretations of the policy provisions.

While this Motion was pending, the assigned district judge recused himself and the case was reassigned to the undersigned on January 27, 2010. (Court Doc. 29.) In its ruling on the Motion for Summary Judgment, the Court found that the original policy terms applied because the notice of the change in coverage provided to Plaintiff with the renewal policy did not properly provide notice of this change. (Court Doc. 31, Mem. and Order at 9-10.) The Court came to this conclusion because the Notice appeared on the last page of the renewal policy, there was nothing to signal adequate attention to the Notice on the early pages of the policy, the Notice itself contained no language even indicating a change in coverage, and because the language of the Notice was extremely confusing and indicated more of a technical change in policy language rather than a significant change in coverage. (*Id.*)

After the Court determined that the terms of the original insurance policy applied, the Court addressed the relevant language in the original policy and concluded that the language contained ambiguities that made the issue of coverage impossible to resolve at the summary judgment stage. (*Id.* at 12-14.) In essence, the Court determined that resolution of the issue before it would involve findings of fact that were only appropriate for

the jury.[2] (*Id.*)

Defendant filed the instant Motion on May 19, 2010. (Court Doc. 32, Def.'s Mot.)

## II. STANDARD OF REVIEW

The applicable statutory provision, 28 U.S.C. § 1292(b), reads in relevant part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to

---

[2] The Court notes Defendant's statement that "[w]hile Plaintiff did not file a Motion for Summary Judgment, Defendant presumes the Court's analysis would have been the same had these issues been raised by Plaintiff, and that the Court's analysis will be the same at trial. That being true, there is no reason for the litigants and the Court to revisit these issues a second time at trial." (Def.'s Mot. at 3.)

This presumes that the case will be tried before the Court and not a jury. The Court takes notice, however, that Plaintiff made a jury demand in his Complaint, which was initially filed in state court and removed to this Court. (Court Doc. 1-1, Compl.) Plaintiff then specifically prayed again for "a jury of twelve persons" to hear this matter in two later Amended Complaints, the first of which was denied and the second of which was attached as an exhibit to his Motion for Leave to File Amended Complaint, but apparently never filed as a separate Amended Complaint. (Court Docs. 5, 5-1, 11 & 11-1.)

In the Scheduling Order issued by Judge Varlan, however, the trial was designated as a bench trial. (Court Doc. 14, Scheduling Order at 6.) The Scheduling Order also states that "[e]ffective November 1, 2007, Scheduling Orders will be entered directly by the Court in lieu of in-person scheduling conferences conducted by the Court." (*Id.* at 1.) Presumably, therefore, neither party was consulted regarding the information that was included in this Scheduling Order, and the designation of a bench trial may have been in error. Federal Rule of Civil Procedure 38 sets forth the requirements for a jury demand, which appear to be met in this case, and states that "[a] proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). Rule 39 states that "[t]he trial on all issues so demanded must be by jury" unless the parties file a stipulation or stipulate on the record that the trial will be a nonjury trial, or the Court finds that there is no federal right to a jury trial. Fed. R. Civ. P. 39(a). The Court can identify no documentation on the record indicating that Plaintiff withdrew his jury demand, that the parties stipulated to a bench trial, or that there is any reason that Plaintiff would have no right to a trial by jury.

Shortly after the entry of the Scheduling Order, Defendant filed its Motion for Summary Judgment and the issue of trial has not been addressed since Judge Varlan recused himself and the case was reassigned to the undersigned. (Court Doc. 15.) Due to the short period of time during which the case has been before the undersigned, the case has not yet been rescheduled for trial and the Court has not extensively discussed with the attorneys whether this will be a bench or jury trial. Because the Plaintiff demanded a jury in his Complaint and his Amended Complaint, however, and because it seems that the Scheduling Order's designation of a bench trial was contrary to a jury demand which is still apparently valid, the Court is inclined to assume that this case will proceed to a jury trial.

-4-

> which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

As a threshold matter, interlocutory appeals in the federal system are generally disfavored. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996). Exceptions to the final judgment rule, embodied in 28 U.S.C. § 1291, exist, but typically require extraordinary circumstances. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal. *Coming Up v. City & County of San Francisco*, 857 F. Supp. 711, 718 (N.D. Cal. 1994). "Attractive as it may be to refer difficult matters to a higher court for an advance decision, such a course of action is contrary to our system of jurisprudence." *Trollinger v. Tyson Foods, Inc.*, No. 4:02-CV-23, 2006 WL 2868980, at * 3 (E.D. Tenn. Sept. 29, 2006) (citing *Gen. Acquisition, Inc. v. GenCorp,* 23 F.3d 1022, 1026 (6th Cir. 1994)).

Three criteria must be satisfied to warrant the extraordinary and disfavored relief of an interlocutory appeal under 28 U.S.C. § 1292(b). *In re City of Memphis*, 293 F.3d at 350. The question must involve a controlling issue of law; there must be a substantial ground for difference of opinion; and an immediate appeal may materially advance the ultimate termination of litigation. *Id.*

## III. ANALYSIS

Defendant first asserts that the Court's finding that the insurance policy failed to properly notify Plaintiff of the change in coverage is subject to substantial disagreement. (Def.'s Mot. at 2-3.) Defendant also asserts that there is disagreement regarding the Court's finding that the language of the original insurance policy contained ambiguities that could not be resolved at the summary judgment stage. (*Id.* at 3-5.) Because these are the controlling issues of law and an immediate appeal could quickly end the litigation, Defendant contends that the Court should grant the Motion. (*Id.*)

Plaintiff points out in his Response that Defendant argues with the application of the law to the facts, and not to the Court's conclusion in regards to the applicable law. (Court Doc. 34, Pl.'s Resp. at 3-4.) Plaintiff asserts that this is not the proper inquiry for an interlocutory appeal; rather, the dispute must be as to what law applies and disagreements based on that issue, rather than any disagreement as to the facts. (*Id.*)

The Court notes that the statute reads that the district judge must be of the opinion "that such order involves a controlling question of *law as to which there is substantial ground for difference of opinion*." 28 U.S.C. § 1292(b) (emphasis added). The two factors, therefore, appear to be related in the sense that there must be a substantial ground for difference of opinion as to the law being applied in the case. *See, e.g., Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, No. 04-73400, 2009 WL 3390244 (E.D. Mich. Oct. 20, 2009) (noting "[s]erious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion."); *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08-CV-361, 2009 WL 1067314, at *3 (W.D.

Mich. Apr. 21, 2009) ("the substantial ground requirement has been characterized as genuine doubt or conflicting precedent as to the correct legal standard."). Indeed, other district courts have explained that the element of "substantial ground for difference of opinion" requires more than mere disagreement with the district court's decision or an assertion that such decision was incorrect; rather, there must be genuine doubt as to the correct legal standard. *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001); *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).

There appears to be no actual dispute or difference of opinion concerning what law applies to the issues presented in Defendant's Motion for Summary Judgment. Defendant does not argue that the Court applied the incorrect law, and there is no indication that the parties dispute the application of Tennessee law concerning original and renewal insurance policies.[3] Defendant instead argues that the Court's conclusions–finding that the original policy terms applied and that the terms were ambiguous–are subject to substantial disagreement. Essentially, Defendant is challenging this Court's application of law to the facts because of its own disagreement with the outcome, rather than presenting a situation where there are substantial disputes as to the applicable law. Therefore, these factors of § 1292(b) are not satisfied. *Novacor Chemicals v. GAF Corp.*, 164 F.R.D. 640, 648 (E.D. Tenn. 1996).

---

[3] The Court supposes that Defendant does not dispute the application of Tennessee law on this issue for good reason–as the Court noted in its Memorandum and Order, both parties briefed only Tennessee law, even though it was clear to the Court after application of choice of law principles that the insurance policies were governed by Kentucky law. (Mem. and Order at 5 n. 2.) After discovering that Kentucky law was silent on the issues argued in Defendant's Motion for Summary Judgment, the Court found that it was appropriate to apply Tennessee law on point. (*Id*. at 6.) If Defendant argued against the application of Tennessee law at this time, any dispute would be attributable to its own failure to brief the applicable governing law.

As for the third factor, Defendant claims that immediate appeal will quickly end the litigation. (Def.'s Mot. at 3, 5.) The Court is about to reschedule this case for trial,[4] however, and discovery should already be complete at this time. Under the circumstances, there is no reason to expect that this case will not be resolved in the near future–in fact, due to the relatively advanced stage of this litigation, certifying for an appeal at this stage would not materially advance the litigation and would instead result in substantial delay. *See Kraus v. Bd.. of County Rd. Comm'rs for Kent County*, 364 F.2d 919, 922 (6th Cir. 1966) (denying leave to appeal as "[m]any months would be required before the case would be reached for argument . . .if we grant the appeal and then should affirm the order of the district court," the "case would be remanded to be decided on its merits . . . . On the other hand, it would appear that only a few days would be required for jury trial and final disposition of the case . . . [this is preferable and] would avoid a piecemeal appeal").

Finally, the Court finds unpersuasive Defendant's statement that immediate appeal "will allow the Sixth Circuit to further develop the laws it relates to notice requirements in insurance contracts, providing further [sic] litigants with needed direction." (Def.'s Mot. at 3.) In this case and in many other cases involving insurance policies, the disputed issue is entirely controlled by state law contract interpretation principles. Therefore, it seems highly unlikely that this case would present the United States Court of Appeals for the Sixth Circuit with the opportunity to make broad, universally applicable statements of law

---

[4] The Court delayed scheduling a new trial date immediately after denying Defendant's Motion for Summary Judgment because the parties informed the Court that they had a mediation scheduled for May 26, 2010. When mediation proved unsuccessful, Plaintiff filed a Motion for Scheduling Order and the Court issued an Order on June 8, 2010 setting a Scheduling Conference to take place on June 24, 2010. (Court Docs. 35 & 38.) Since this case was reassigned to the undersigned, there has been no undue delay in moving the case towards resolution.

regarding the notice requirement in insurance contracts.

The Court finds that Defendant has failed to present compelling grounds to support this Court's taking the extraordinary action of certifying the issue for interlocutory appeal. There is nothing exceptional about the issues presented in this case or the Court's denial of the Motion for Summary Judgment that would make this a proper ruling for an immediate appeal. Accordingly, the Court **DENIES** Defendant's Motion to Certify Order to the Sixth Circuit Court of Appeals Pursuant to 28 U.S.C. § 1292(B).

**IV. CONCLUSION**

For the reasons discussed above, Defendant's Motion to Certify Order to the Sixth Circuit Court of Appeals Pursuant to 28 U.S.C. § 1292(B) [Court Doc. 32] is **DENIED**.

**SO ORDERED** this 18th day of June, 2010.

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE